LEMMON, Justice,
concurring in part and dissenting in part.
I concur in the remand for a hearing on the motion to exclude the attorney’s testimony, but I dissent in part from the procedure for the hearing adopted by the majority.
I disagree initially that constitutional considerations underpin the procedure adopted by the majority to prove the crime or fraud exception to the attorney-client privilege. This procedure, however, may properly be imposed under our supervisory authority. In any event, I agree that the type of procedure used for a motion to suppress under La.C.Cr.P. art. 703 is an appropriate procedure for use for this type of motion.[1] I further agree that the state should have the burden of proving by a preponderance of the evidence that the communications are admissible under the crime or fraud exception to the attorney-client privilege.
My point of departure from the majority is on the calling of the attorney to the stand at the hearing on the admissibility of the communications. In my opinion, the attorney may be called to the stand at the hearing once evidence has been introduced which raises an inference that the attorney may have been involved in a criminal conspiracy with the client. The attorney may then be required to assert his privilege *1390 against self-incrimination on a question-by-question basis.[2] If the attorney waives his privilege against self-incrimination (or if the district attorney grants “use immunity”), then the attorney can be required to testify truthfully, thereby providing significant evidence on whether or not criminal or fraudulent activity has taken place.[3]

. It may also be necessary to close the hearing and seal the record. See Press Enterprise v. Superior Court, — U.S. -, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); State v. Eaton, 483 So.2d 651 (La.App. 2nd Cir.1986).

. This procedure will provide the district attorney an opportunity to grant "use immunity” to the attorney who decides to exercise his privilege against self-incrimination. See C.Cr.P. art. 439.1. Since the district attorney is certainly more interested in obtaining a conviction against a defendant for murder than a conviction against an attorney for conspiracy, this procedure will best serve the quest for truth.
It is important to distinguish the two privileges involved here. The attorney-client privilege may be asserted by the client at trial unless the state proves the crime or fraud exception at the pretrial hearing. During the pretrial hearing to determine the applicability of the exception, the privilege against self-incrimination may be asserted by the attorney on his own behalf unless the district attorney grants immunity.

. The attorney’s testimony may often be the most reliable (and sometimes the only) evidence available for the state to meet its burden of proving by a preponderance of the evidence the criminal or fraudulent activity as the basis for an exception to the attorney-client privilege.